UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUAN RODAS, | ) |
| | ) |
| Plaintiff, | ) Case No. 19-CV-07706 |
| | ) |
| v. | ) Judge Sharon Johnson Coleman |
| | ) |
| EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES, LLC; and TRANSUNION, LLC, | ) ) ) ) ) |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Juan Rodas filed a complaint against defendants Experian Information Solutions, Inc., Equifax Information Services, LLC, and TransUnion, LLC alleging three claims: (I) unreasonable reinvestigation against Experian, (II) unreasonable reinvestigation against Equifax, and (III) unreasonable reinvestigation against TransUnion. Experian Information Solutions, Inc. moved to dismiss Counts I of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Because TransUnion had already answered, it joined Experian's motion, but as a motion for judgment on the pleadings under Rule 12(c). Experian and Equifax have since been dismissed from the case. For the reasons outlined below, the Court grants TransUnion's motion to dismiss.

**Background**

For purposes of TransUnion's motion to dismiss, the Court takes as true the factual allegations of the Complaint. Juan Rodas is a resident of Illinois, and a consumer as defined by 15 U.S.C. § 1681a(c) of the Fair Credit Reporting Act ("FCRA"). He incurred an alleged debt for goods and services originally for a Citibank N.A. consumer credit card ("Account"). Rodas's alleged

debt was purportedly assigned to Midland Funding, LLC and Midland Credit Management, Inc. (collectively "Midland").

On November 29, 2018, Midland filed a small claims in state court lawsuit against Rodas seeking to collect the alleged debt. Arbitration was scheduled for August 13, 2019. Midland dismissed its lawsuit against Rodas on August 13, 2019, and the Circuit Court of Cook County allowed the dismissal without prejudice. After the case was dismissed, Midland continued to furnish data regarding Rodas's alleged debt to Experian, Equifax Information Services, LLC, and TransUnion.

On October 8, 2019, Rodas's counsel sent a letter to Experian, Equifax, and TransUnion putting all three on notice that they are reporting inaccurate information on Rodas's credit report regarding the Account. Counsel also provided supporting documentation including the Circuit Court Trial Call Order granting Midland's Motion to Dismiss and the Bill of Sale and Assignment between Midland and Citibank. Experian, Equifax, and TransUnion received Rodas's dispute and supporting documentation on October 18, 2019 and provided Midland with notification of Rodas's dispute. Midland responded through the Automated Consumer Dispute Verification process. The response continued to include the Account as debt owed to Midland by Rodas. Experian, Equifax, and TransUnion updated their respective reporting of Rodas's credit based on Midland's response.

On November 11, 2019, Rodas obtained copies of his credit reports and discovered Experian, Equifax, and TransUnion were still reporting the Midland tradeline with the balance of the Account. Rodas alleges that Experian, Equifax, and TransUnion failed to perform a reasonable reinvestigation of his dispute as required by the FCRA.

**Legal Standard**

"[T]he correct vehicle for determining an affirmative defense on the pleadings is an answer and a motion for judgment on the pleadings under Rule 12(c)." *H.A.L. NY Holdings, LLC v. Guinan*,

2

958 F.3d 627, 632 (7th Cir. 2020). "A motion for judgment on the pleadings is subject to the same standard as a motion to dismiss under Rule 12(b)(6)," thus courts "must determine whether the complaint states 'a claim to relief that is plausible on its face.'" *Gill v. City of Milwaukee,* 850 F.3d 335, 339 (7th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). In doing so, courts accept plaintiff's "factual allegations as true and draw reasonable inferences from them in his favor." *Taylor v. JPMorgan Chase Bank*, 958 F.3d 556, 562 (7th Cir. 2020).

**Analysis**

TransUnion argues that Rodas's Complaint fails to allege inaccurate information pursuant to the FCRA. According to TransUnion, Rodas must demonstrate a factual inaccuracy – not a legal inaccuracy – in TransUnion's reporting of Rodas's credit report to establish a claim under the FCRA.

The FCRA provides that "whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). "Section 1681e(b) does not explain what it means to be 'inaccurate,' nor does it draw a line between factual and legal accuracy." *Denan v. TransUnion LLC*, 959 F.3d 290, 294 (7th Cir. 2020). Based on the statutory construction of the FCRA, the Seventh Circuit thus interpreted "inaccurate information under § 1681i to mean factually inaccurate information, as consumer reporting agencies are neither qualified nor obligated to resolve legal issues." *Id.* at 296.

Factually inaccurate information includes inaccurate amounts, tradeline items not immediately removed once vacated, and inaccurately updated loan terms. *See Zahran v. TransUnion Corp.*, No. 01 C 1700, 2003 WL 1733561 at *4 (N.D. Ill. Mar. 28, 2003) (Guzman, J.). On the other hand, legal inaccuracies include the validity of debt, *see Denan,* 959 F.3d at 295, or a dispute regarding to whom the debt was assigned. *Scheel-Baggs v. Bank of Am.*, 575 F. Supp. 2d 1031, 1042 (W.D. Wis.

3

2008).

Rodas's argument that Midland is not the owner of the alleged debt is a potential legal inaccuracy, not a factual one. Like in *Scheel-Baggs*, Rodas's argument is premised on whether the right to the Citibank account was transferred or assigned to Midland. This legal dispute between Rodas and Midland was dismissed without prejudice by the Circuit Court of Cook County. Until a tribunal decides this legal issue, Rodas cannot dispute it as a factual inaccuracy with TransUnion. *See, e.g., Garland v. Marine Credit Union*, No. 18-C-270, 2018 WL 5313769, at *4 (E.D. Wis. Oct. 26, 2018).

Because the FCRA does not impose a duty on consumer reporting agencies to determine the legality of a disputed debt, *see Denan,* 949 F.3d at 296, the Court grants TransUnion's Rule 12(c) motion. Also, because the Court grants TransUnion's motion based on the alleged legal inaccuracy, the Court need not address TransUnion's alternative argument that Rodas is challenging the validity of the debt collaterally.

**Conclusion**

Based on the foregoing, the Court grants TransUnion's Rule 12(c) Motion [28].

IT IS SO ORDERED.

Date: 7/23/2020

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge

4